

EBP/GDB: USAO2017R00506

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM 19cr409 |
| | * | |
| REBECCA JELFO, | * | (Wire Fraud, 18 U.S.C. § 1343; |
| | * | Forfeiture, 18 U.S.C. § 981, 21 U.S.C. |
| Defendant | * | § 853, 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

#### Introduction

1.  Defendant **REBECCA JELFO** ("**JELFO**") was a resident of Maryland.

2.  From approximately 2008 until December 2015, **JELFO** was employed as the Head of Marketing and Communications for the Americas for Company A, a global airline.

3.  Beginning on January 4, 2016, until January 31, 2018, **JELFO** was a Senior Director of Luxury Brand Marketing – Partnerships and Promotions at Company B, a global hospitality company.

4.  As part of **JELFO**'s duties at Company A and Company B, **JELFO** contracted with various marketing vendors on behalf of her employer. The marketing vendors would then produce marketing products and provide marketing services to **JELFO**'s employer.

5. Vendor A, Vendor B, and Vendor C were marketing companies that provided various marketing services and marketing products. Vendor A was located in Maryland.

6. Vendor A provided marketing services and products to Company A and Company B. Vendor A, Vendor B, and Vendor C provided marketing services and products to Company B.

## The Scheme to Defraud

7. From on or about May 21, 2015, through on or about January 31, 2018, in the District of Maryland and elsewhere, **JELFO** devised and intended to devise a scheme and artifice to defraud Company A and Company B, and to obtain money and property from Company A and Company B by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

8. **JELFO** instructed Vendor A to provide false and inflated invoices to Company A in order for Company A to pay Vendor A.

9. **JELFO** ensured that Company A paid the false and inflated invoices from Vendor A.

10. **JELFO** instructed Vendor A to remit payments to cover **JELFO**'s personal debts.

11. **JELFO** submitted false and inflated invoices to Company B that purported to come from Vendor A, Vendor B, and Vendor C.

12. **JELFO** ensured that Company B paid the false and inflated invoices from Vendor A, Vendor B, and Vendor C.

13. After Company B paid the false and inflated invoices from Vendor A, Vendor B, and Vendor C, **JELFO** gave instructions to Vendor A, Vendor B, and Vendor C about where to send the overpayments from Company B.

14. Based on **JELFO**'s instructions, Vendor A, Vendor B, and Vendor C remitted payments to **JELFO**'s personal credit cards.

15. **JELFO** used her personal credit cards, which were paid for, in part, by funds originating from Company B, to fund **JELFO**'s lifestyle.

### The Charge

16. On or about November 14, 2017, in the District of Maryland and elsewhere, the defendant,

**REBECCA JELFO,**

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, that is, **JELFO** transmitted and caused to be transmitted a $106,282 wire communication from Vendor C to **JELFO**'s personal credit card ending in 65004 between a location in Maryland and a location outside of Maryland.

18 U.S.C. § 1343
18 U.S.C. § 2

## **FORFEITURE ALLEGATION**

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

2. As a result of the offense set forth in Count One, the defendant,

**REBECCA JELFO,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Count One. The property to be forfeited includes, but is not limited to, $855,587.25.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:   August 26, 2019

_Robert K. Hur / ECP_
Robert K. Hur
United States Attorney